FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Aug 11, 2025

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLAYTON PATRICK MERRITT,<br><br>Defendant. | No. 1:25-CR-02024-MKD-1<br><br>ORDER GRANTING DEFENDANT'S MOTION TO EXPEDITE, GRANTING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE, AND SETTING ADDITIONAL RELEASE CONDITIONS<br><br>**ECF Nos. 26, 27** |

On Friday, August 8, 2025, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 26) and related Motion to Expedite (ECF No. 27). Defendant was represented by Assistant Federal Defender Jennifer Barnes. Assistant United States Attorney Bree Black Horse represented the United States.

Defendant requests that the Court remove Special Condition Nos. 5–6 which impose GPS location monitoring and stand-alone monitoring. ECF Nos. 14, 26. Defendant asserted that because the Court held that the United States was unable to establish eligibility to hold a detention hearing in the first instance, the only conditions which could be imposed on Defendant were those included in 18 U.S.C. § 3142(b), unless the Court were to make a finding that those conditions "will not

ORDER - 1

reasonably assure the appearance of the person as required or will endanger the safety of any other person or the community." ECF No. 26; 18 U.S.C. § 3142(b). The § 3142(b) conditions include a prohibition of committing a crime during release and a requirement that the defendant cooperate in the collection of a DNA sample if they are facing certain charges. § 3142(b). The Court agrees with Defendant's assertion that conditions beyond those listed in § 3142(b) require a finding that the § 3142(b) conditions are insufficient to mitigate risk of non-appearance and danger to the community. Thus, the issue here is whether the § 3142(b) conditions will not reasonably assure Defendant's appearance or will endanger the safety of the community.

Defendant asserted that the § 3142(b) conditions are sufficient to assure his appearance and prevent risk of danger to the community because Defendant has fully complied thus far on release, United States Probation/Pretrial Services has no concerns regarding Defendant's compliance, and Defendant has succeeded on state supervision. Defendant provided a letter of support from his state Department of Corrections officer which indicates that Defendant has had no violations, has maintained employment, volunteers, and has been in constant communication with the officer. ECF No. 28. Additionally, Defendant argued that the GPS unit is a hardship for Defendant because it is costly, uncomfortable, and caused him severe knee pain. Finally, Defendant asserted that GPS monitoring at the stand-alone

ORDER - 2

level only provides Defendant's location and thus serves little purpose other than monitoring Defendant's compliance with the state no-contact order that is already being adequately monitored by the state Department of Corrections.

The United States opposed Defendant's requested modification, and United States Probation/Pretrial Services took no position but had no concerns regarding Defendant's compliance.

The combination of Defendant's history and current allegations create concern. Defendant was convicted of unlawful laser discharge and is now alleged in these proceedings to have aimed a laser pointer at an aircraft. ECF Nos. 1, 7. Additionally, Defendant has a history of committing crimes against people, including Assault in the Second Degree, ECF No. 7, a strike offense under Washington State law. Wash. Rev. Code §§ 9.94A.570, 9.94A.030(33), (37). Defendant advised the Court that his previously pending charges—and those listed as pending in the Pretrial Services Report (ECF No. 7)—have been resolved, and Defendant believes he pleaded guilty to a second Assault in the Second Degree charge and malicious mischief. An additional conviction for this level of assault would result in life in prison in the State of Washington. Wash. Rev. Code §§ 9.94A.570, 9.94A.030(33), (37). In those state proceedings, a competency evaluation was ordered, which means there was some basis to question Defendant's ability to understand the proceedings. Finally, Defendant is alleged to

ORDER - 3

have left the probation office to smoke a cigarette after being directed to remain in the probation office as part of the initial installation of GPS. ECF No. 18. When considered individually, these circumstances and allegations do not seem as concerning, but when considered in totality, they create concerns regarding Defendant's ability or willingness to follow conditions and his risk of danger to the community. Thus, the Court finds that the § 3142(b) conditions on their own will endanger the safety of the community. However, because the Court should use the least restrictive means to achieve the goals of the Bail Reform Act, and given Defendant's compliance history to date, GPS location monitoring is no longer necessary to mitigate that risk. Thus, the Court removes GPS monitoring but imposes conditions to mitigate the risk that Defendant commits behavior similar to the alleged offense, because such behavior would endanger the community.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion to Expedite (**ECF No. 27**) is **GRANTED**.

2. Defendant's Motion to Modify Conditions of Release (**ECF No. 26**) is **GRANTED**.

3. **Special Condition Nos. 5–6 (ECF No. 14)**, which impose GPS location monitoring and stand-alone monitoring, **are stricken and replaced with the following conditions:**

>  **5. Defendant shall not possess any laser pointer device or similar device, nor shall Defendant be in a shared**

ORDER - 4

residence where a laser pointer device or similar device is located. Defendant shall not possess or access a laser pointer device or similar device.

**6. Defendant shall not come within 1,000 (one thousand) yards of the external boundaries or fence of any airport. If there is no other reasonable option for transit except traveling within 1,000 yards of the external boundaries or fence of an airport, then Defendant shall not stop in transit inside the 1,000 yards.**

4. All other terms and conditions of pretrial release not inconsistent herewith shall remain in full force and effect.

**IT IS SO ORDERED.**

DATED August 11, 2025.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 5